THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JOHN FOSTER, JR., Defendant-Appellee.

Fifth District   No. 5—86—0752

Opinion filed November 15, 1988.

Ward Walshon, State's Attorney, of Mound City (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Michael P. O'Shea, Jr., of Cairo, for appellee.

JUSTICE LEWIS delivered the opinion of the court:

The State of Illinois appeals from an order of the circuit court of Pulaski County dismissing a charge of reckless driving against the defendant, John Foster, Jr.

On October 14, 1986, the defendant was charged by information with reckless driving in violation of section 11—503 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—503). The State charged that on June 16, 1986, the defendant drove at a high rate of speed, lost control of his vehicle, and struck a utility pole and a fence, thereby damaging property and endangering the safety of Bobby Dover, Jr. Dover was a passenger in the defendant's car.

The defendant had also been charged with two traffic offenses at the time of the accident: (1) driving too fast for conditions in violation of section 11—601(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—601(a)) and (2) failure to wear seat belts in violation of section 12—603.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 12—603.1(a)). At the first appearance and pretrial conference for the reckless driving charge, held on October 16, 1986, defendant and the State's Attorney agreed to try the three charges together.

On October 27, 1986, the State filed a motion *in limine* and a hearing was held on this motion the same day. Following arguments on the motion, defense counsel stated that his client wished to plead guilty to the driving-too-fast-for-conditions and the no-seat-belt charges. The court accepted the defendant's pleas and fined him a total of $325. The defendant then asked the court to dismiss the reckless driving charge on the ground that prosecution of that offense after a plea of guilty to the too-fast-for-conditions charge would constitute double jeopardy. Defendant also claimed that further prosecution of the reckless driving charge was barred by sections 3—3 and 3—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, pars. 3—3, 3—4).

■ Section 3—3 provides that if several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, if they are based on the same act.

Section 3—4(a) provides that a prosecution is barred if the defendant was formerly prosecuted for the same offense, based upon the same facts, if the former prosecution resulted in either a conviction or an acquittal. This section further provides that a conviction of an included offense is an acquittal of the offense charged. Subparagraph (b) of section 3—4 provides that a prosecution is barred if the defendant was formerly prosecuted for a different offense if such former prosecution resulted in either a conviction or an acquittal, and the subsequent prosecution is for an offense of which the defendant could have been convicted on the former prosecution; or was for an offense with which the defendant should have been charged on the former prosecution as provided in section 3—3; or was for an offense which involved the same conduct, unless each prosecution requires proof of a fact not required on the other prosecution.

The defendant argued that, as charged, the too-fast-for-conditions offense was a lesser included offense of reckless driving and that the two offenses were based on the same conduct. The court granted the defendant's motion to dismiss, finding that the too-fast-for-conditions offense was a lesser included offense of reckless driving. The court denied the State's motion to reconsider at a hearing held on November 13, 1986, concluding that the defendant's guilty pleas precluded prosecution for the reckless driving charge on "the same set of facts." The court cited that part of section 3—4 that states that "[a] conviction of an included offense is an acquittal of the offense charged" as the basis for its conclusion. (Ill. Rev. Stat. 1985, ch. 38, par. 3—4(a).) The State now appeals. We reverse.

■ The trial court concluded that the too-fast-for-conditions charge was a lesser included offense of the reckless driving charge. We hold that it was not. In *People v. Jackson* (1987), 118 Ill. 2d 179, 514 N.E.2d 983, the Illinois Supreme Court explained that to determine whether two charges constitute the "same offense" involves a two-part analysis. First, if, as a matter of law, the first lesser offense is always a necessary element of the second greater offense, then the two are the same under *Blockburger v. United States* (1932), 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180. This test focuses on the elements of the offenses charged and not on the evidence that may possibly be introduced to prove the charges. (*Jackson*, 118 Ill. 2d at 189, 514 N.E.2d at 987.) Second, in limited circumstances, courts may look beyond the face of the statute involved to the elements actually necessary to establish the charges. This occurs when the first offense, with its concomitant elements, becomes itself the element necessary to prove the second offense. Double jeopardy is not violated, however,

merely because there is substantial overlap in the proof used in successive prosecutions for distinct crimes unless there is an issue of collateral estoppel. *Jackson*, 118 Ill. 2d at 187, 514 N.E.2d at 986.

■ Applying this analysis to the statutory elements of reckless driving and driving too fast for conditions, we see that the two offenses are not the same. Reckless driving (Ill. Rev. Stat. 1985, ch. 95½, par. 11—503) requires a wilful and wanton disregard for the safety of persons or property. Driving too fast for conditions is not a statutory element of reckless driving and such evidence would not be necessary for conviction of that offense. While reckless driving may *often* include driving "at a speed which is greater than is reasonable and proper" (Ill. Rev. Stat. 1985, ch. 95½, par. 11—601(a)), it is not *always* a necessary element of that offense.

■ The second part of the analysis requires determining whether the conviction of driving too fast for conditions automatically established one or more of the essential elements of reckless driving. We conclude that it did not.

Although evidence that defendant was traveling at a speed which was greater than reasonable under the circumstances would constitute evidence of reckless conduct, it would not automatically establish that defendant's conduct was so excessive as to constitute wilful or wanton disregard for the safety of persons or property. In proving the reckless conduct, evidence of driving too fast for conditions could be introduced in the same manner as any other relevant evidence, such as erratic driving, driving under the influence, or driving on the wrong side of the roadway. It would not, however, automatically establish reckless conduct. Indeed, speed alone is insufficient to support a conviction for reckless driving. See *People v. Potter* (1955), 5 Ill. 2d 365, 125 N.E.2d 510.

■ As the Illinois Supreme Court held in *Jackson*, in considering double jeopardy the court must focus on the elements of the offense and not on the proof that will or may be used to prove the charge. (*Jackson*, 118 Ill. 2d at 191, 514 N.E.2d at 988.) The *Jackson* court expressly overruled *People v. Zegart* (1980), 83 Ill. 2d 440, 415 N.E.2d 341, to the extent it conflicted with this principle.

In *Zegart*, the defendant was indicted for reckless homicide after pleading guilty to crossing over a highway dividing median. The State filed an amended bill of particulars which disclosed that it intended to use the factual basis of the first conviction, the crossing of the highway median, as the basis for the reckless homicide charge. The court erroneously concluded that to do so would violate the double jeopardy clause. *Zegart*, 83 Ill. 2d at 445, 415 N.E.2d at 343.

■ The error committed by the court in *Zegart* was that it focused on the proof used to prove the charge instead of the elements of the offense. In the instant case, while the evidence which the State offers to prove reckless driving may substantially overlap with that necessary to prove a charge of driving too fast for conditions, the constitutional and statutory protections against double jeopardy are not violated because the elements of the offenses are not the same.

We therefore conclude that the offense of driving-too-fast-for-conditions is not a lesser included offense of reckless driving. The circuit court's reliance on section 3—4(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 3—4(a)) in dismissing the charge of reckless driving against the defendant was therefore erroneous.

■ Furthermore, we note that even had we held that the driving-too-fast-for-conditions charge was a lesser included offense of reckless driving, the more serious charge would still not be barred, since it was pending at the time the defendant entered his guilty plea to the lesser offense.

In *Ohio v. Johnson* (1984), 467 U.S. 493, 81 L. Ed. 2d 425, 104 S. Ct. 2536, the defendant was indicted for murder, voluntary manslaughter, aggravated robbery, and. grand theft. Over the State's objection, the trial court accepted the defendant's plea of guilty of voluntary manslaughter and grand theft, and then granted the defendant's motion to dismiss the remaining charges on double jeopardy grounds. The Ohio Supreme Court affirmed the dismissal and the United States Supreme Court reversed, holding that prosecuting the defendant on the two more serious charges would not constitute the type of "multiple prosecution" prohibited by the double jeopardy clause. (*Johnson*, 467 U.S. at 494, 81 L. Ed. 2d at 430, 104 S. Ct. at 2538.) The Court noted that its decision in *Brown v. Ohio* (1977), 432 U.S. 161, 53 L. Ed. 2d 187, 97 S. Ct. 2221, recognized that the double jeopardy clause prohibits prosecution of a defendant for a greater offense when he has already been tried and acquitted or convicted on the lesser included offense. In *Brown*, the State first charged the defendant with "joyriding," and after the defendant pleaded guilty, he was then indicted for joyriding and auto theft. The Supreme Court held that the second charges were barred, since the defendant had previously been convicted of the lesser included offense of joyriding. *Johnson*, 467 U.S. at 501, 81 L. Ed. 2d at 434-35, 104 S. Ct. at 2542, citing *Brown*, 432 U.S. at 169, 53 L. Ed. 2d at 196, 97 S. Ct. at 2227.

The *Johnson* Court stated, however, that the principles of finality and prosecutorial overreaching applicable in *Brown* did not apply to the case before it. Accepting a guilty plea to lesser included offenses

while charges on the greater offenses remain pending "has none of the implications of an 'implied acquittal' which results from a verdict convicting defendant on lesser included offenses rendered by a jury charged to consider both greater and lesser included offenses." (*Johnson*, 467 U.S. at 501-02, 81 L. Ed. 2d at 435, 104 S. Ct. at 2542.) Indeed, to prevent further prosecution would "deny the State its right to one full and fair opportunity to convict those who have violated its laws." (*Johnson*, 467 U.S. at 502, 81 L. Ed. 2d at 435, 104 S. Ct. at 2542, citing *Arizona v. Washington* (1978), 434 U.S. 497, 509, 54 L. Ed. 2d 717, 730, 98 S. Ct. 823, 832.) Trial proceedings are not capable of being infinitely subdivided, stated the Court, and it has never held "that a determination of guilt and punishment on one count of a multicount indictment immediately raises a double jeopardy bar to continued prosecution on any remaining counts that are greater or lesser included offenses of the charge just concluded." *Johnson*, 467 U.S. at 501, 81 L. Ed. 2d at 434, 104 S. Ct. at 2542.

■ In the instant case, while the three charges brought against the defendant were not the result of a single charging instrument, all the charges were to be tried at the same time. This is not a case where additional charges were brought after the defendant had entered a guilty plea. (*Cf. Illinois v. Vitale* (1980), 447 U.S. 410, 65 L. Ed. 2d 228, 100 S. Ct. 2260; *People v. Zegart* (1980), 83 Ill. 2d 440, 415 N.E.2d 341.) Here, as in *Johnson*, the acceptance of the defendant's guilty pleas had none of the implications of an "implied acquittal" that would result from a jury verdict convicting defendant of a lesser included offense.

For the foregoing reasons, the order of the circuit court dismissing defendant's reckless driving information is reversed and remanded for further proceedings.

■ Finally, we note from the record that the defendant has filed a notice of what is styled a "cross appeal," in which he seeks review of the trial court's denial, on October 23, 1986, of his motion to dismiss all charges. The defendant has failed to argue the issue in his brief, thereby waiving it. We therefore affirm the circuit court's denial of defendant's motion to dismiss.

Affirmed in part; reversed in part and remanded.

HARRISON, P.J., and CALVO, J., concur.