THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALEJANDRO GARCIA, Defendant-Appellant.

Fifth District    No. 5—01—0664

Opinion filed April 17, 2003.

Daniel M. Kirwan and Rita K. Peterson, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Kimberly G. Koester, State's Attorney, of Newton (Norbert J. Goetten, Stephen E. Norris, and Sharon Shanahan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE HOPKINS delivered the opinion of the court:

The defendant, Alejandro Garcia, appeals from the denial of his motion to dismiss on double jeopardy grounds. For the following reasons, we affirm.

## BACKGROUND

On September 12, 2000, the defendant was issued a ticket for the illegal squealing or screeching of tires on Wilson and Van Buren Streets in Newton, Jasper County, Illinois, in violation of section 11—505 of the Illinois Vehicle Code (625 ILCS 5/11—505 (West 2000)). The ticket noted that no court appearance was required, and on October 11, 2000, the defendant pleaded guilty by signing the back of the ticket and mailing the fine to the circuit clerk's office. On the same day, the State filed a reckless-driving charge against the defendant, which was nol-prossed on January 23, 2001, and refiled on February 22, 2001. The State alleged, "[On September 12, 2000, the defendant] drove a motor vehicle on Wilson and Van Buren [S]treets, in Newton, Jasper County, Illinois, with wilful and wanton disregard for the safety of children, in that he accelerated his car quickly while several young children were playing and nearly struck one of the children who was riding a bicycle, in violation of [section 11—503 of the Illinois Vehicle Code (625 ILCS 5/11—503 (West 2000))]."

On July 17, 2001, the defendant filed a motion to dismiss the reckless-driving charge on double jeopardy grounds. The defendant claimed that his conviction for the illegal squealing or screeching of tires barred his prosecution for reckless driving under section 3—4 of the Criminal Code of 1961 (720 ILCS 5/3—4 (West 2000)) and the fifth and fourteenth amendments to the United States Constitution (U.S. Const., amends. V, XIV). He also claimed that, pursuant to section 3—3 of the Criminal Code of 1961 (720 ILCS 5/3—3 (West 2000)), the State should have charged the offense of reckless driving with the offense of squealing or screeching of tires. On August 14, 2001, the trial court denied the defendant's motion to dismiss. On August 17, 2001, the defendant filed a timely notice of appeal.

## ANALYSIS

On appeal, the defendant argues that the State is barred by double jeopardy principles from prosecuting him for reckless driving where it had previously obtained a conviction for the squealing or screeching of tires. The defendant argues that the squealing or screeching of tires is a lesser-included offense of reckless driving.

■ The double jeopardy clause of the fifth amendment, applicable to the states through the fourteenth amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const., amend. V. "This protection applies both to successive punishments and to successive prosecutions for the same criminal offense." *United States v. Dixon*, 509 U.S. 688, 696, 125 L. Ed. 2d 556, 567, 113 S. Ct. 2849, 2855 (1993). "In both the multiple punishment and multiple prosecution contexts, *** where the two offenses for which the defendant is punished or tried cannot survive the 'same-elements' test, the double jeopardy bar applies." *Dixon*, 509 U.S. at 696, 125 L. Ed. 2d at 568, 113 S. Ct. at 2856. "The same-elements test, sometimes referred to as the *'Blockburger'* test, inquires whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution." *Dixon*, 509 U.S. at 696, 125 L. Ed. 2d at 568, 113 S. Ct. at 2856; see *Blockburger v. United States*, 284 U.S. 299, 304, 76 L. Ed. 306, 309, 52 S. Ct. 180, 182 (1932). "This test emphasizes the elements of the two crimes." *Brown v. Ohio*, 432 U.S. 161, 166, 53 L. Ed. 2d 187, 194, 97 S. Ct. 2221, 2226 (1977). " 'If each requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes.' " *Brown*, 432 U.S. at 166, 53 L. Ed. 2d at 194, 97 S. Ct. at 2226, quoting *Iannelli v. United States*, 420 U.S. 770, 785 n.17, 43 L. Ed. 2d 616, 627 n.17, 95 S. Ct. 1284, 1293 n.17 (1975). Pursuant to the *Blockburger* test, the prosecution of a lesser-included offense, which by its definition requires no proof beyond that which is required for the greater offense, would prevent the subsequent prosecution on the greater offense. *Brown*, 432 U.S. at 167-69, 53 L. Ed. 2d at 195-96, 97 S. Ct. at 2226-27. Here, the defendant argues that the squealing or screeching of tires is a lesser-included offense of reckless driving because, he claims, it does not require proof beyond that necessary to prove reckless driving. A careful review of the applicable statutes, as well as an analysis of pertinent case law, however, indicates that the squealing or screeching of tires is not a lesser-included offense of reckless driving.

■ Reckless driving requires driving a vehicle with a wilful or wanton disregard for the safety of persons or property. *People v. Foster*,

176 Ill. App. 3d 406, 410 (1988); 625 ILCS 5/11—503 (West 2000). In *Foster*, 176 Ill. App. 3d at 410-11, this court examined the defendant's claim that driving too fast for conditions was a lesser-included offense of reckless driving. The court noted that, despite the substantial overlap in proof, driving too fast for conditions was not a statutory element of reckless driving and such evidence would not be necessary for a conviction of that offense. *Foster*, 176 Ill. App. 3d at 410. As a result, the court concluded that driving too fast for conditions was not a lesser-included offense of reckless driving. *Foster*, 176 Ill. App. 3d at 411.

■ In the present case, the defendant claims that the only way the State could prove his wilful or wanton disregard is by proving the same element he admitted in his conviction for squealing tires—that he accelerated his vehicle rapidly. However, squealing or screeching tires does not require the movement of the vehicle. *People v. Studley*, 259 Ill. App. 3d 556, 559 (1994). While reckless driving may include squealing or screeching tires, squealing or screeching tires is not a statutory element of reckless driving, and such evidence would not be necessary for a conviction for that offense. Nor would squealing or screeching tires automatically establish that the defendant's conduct was so excessive that it constituted wilful or wanton disregard for the safety of persons or property. Simply put, reckless driving requires a wilful and wanton mental state, which squealing or screeching tires does not; squealing or screeching tires requires the noise of squealing or screeching, which reckless driving does not. We therefore conclude that the offense of squealing or screeching tires is not a lesser-included offense of reckless driving. See *Foster*, 176 Ill. App. 3d at 410-11. Because squealing or screeching tires is not a lesser-included offense of reckless driving, the State is not barred from prosecuting the defendant on the charge of reckless driving, and the trial court properly denied the defendant's motion to dismiss.

■ The defendant also argues that the charges of squealing and screeching tires and reckless driving were required to be brought in a single prosecution pursuant to section 3—3 of the Criminal Code of 1961 (720 ILCS 5/3—3 (West 2000)). However, section 3—3(b) of the Criminal Code of 1961 (720 ILCS 5/3—3(b) (West 2000)) requires a single prosecution for several offenses based on the same conduct only if the several offenses are known to the "proper prosecuting officer" at the time of commencing the prosecution. The "proper prosecuting officer" refers to the State's Attorney in the county in which the offense was committed and his or her properly constituted assistant State's Attorneys. *People v. Pohl*, 47 Ill. App. 2d 232, 241 (1964). Thus, the court in *Pohl* held that a police officer's knowledge that the

defendant's conduct established the commission of more than one offense was not knowledge of such facts by a "proper prosecuting officer." *Pohl*, 47 Ill. App. 2d at 243.

Similarly, in the present case, the defendant was issued a ticket for squealing or screeching tires, which did not require a court appearance. Because the State's Attorney's office does not participate in no-appearance tickets, the State's Attorney's office did not have knowledge of both offenses at the time of commencing the prosecution. Accordingly, the squealing-or-screeching-tires charge and the reckless-driving charge did not have to be brought in a single prosecution.

## CONCLUSION

For the foregoing reasons, the trial court's denial of the defendant's motion to dismiss on double jeopardy grounds is affirmed.

Affirmed.

WELCH and CHAPMAN, JJ., concur.