No. 2--04--0411

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

THE PEOPLE OF THE STATE

OF ILLINOIS,

Plaintiff-Appellant,

v.

THOMAS M. BRENER,

Defendant-Appellee.

)

)

)

)

)

)

)

)

)

)

Appeal from the Circuit Court

of Jo Daviess County.

No. 03--CF--64

Honorable

William A. Kelly,

Judge, Presiding.

______________________________________________________________________________

JUSTICE BOWMAN delivered the opinion of the court:

On July 25, 2003, a Jo Daviess County grand jury indicted defendant, Thomas M. Brener, on two counts of aggravated driving under the influence of alcohol (625 ILCS 5/11--501(d)(1)(C) (West 2002)).  On April 20, 2004, the trial court dismissed the charges as violations of defendant's right against double jeopardy.  The State appeals.  We affirm.

I. BACKGROUND

In Jo Daviess County, on June 26, 2003, defendant and his sister hooked up a trailer to defendant's truck.  Defendant, who had been drinking alcohol, then entered his truck and drove off to search for his brother's broken-down motorcycle.  Unbeknownst to defendant, he ran over his sister with the trailer, causing her serious injuries.

Defendant's approximately one-hour quest for the disabled bike led him through three counties without stopping.  When he arrived in Winnebago County via U.S. Route 20, defendant pulled into a mobile home park, where he turned around because he could not find the motorcycle.  After continuing his search along Route 20 in vain, defendant entered the parking lot of the Illinois State Police District 16 headquarters in order to see if the bike was at the nearby implement dealership.  While in the parking lot, defendant was arrested for driving under the influence of alcohol.

In Winnebago County, defendant received traffic citations, charging him with two alternative counts of driving under the influence of alcohol (625 ILCS 5/11--501(a)(1), (a)(2) (West 2002)).  Later that same day, a Jo Daviess County information charged defendant with two alternative counts of aggravated driving under the influence of alcohol, arising from the accident that caused serious injuries to his sister.  On July 16, 2003, defendant pleaded guilty to the Winnebago County charges.  On July 25, 2003, the Jo Daviess County grand jury indicted defendant on the aggravated driving under the influence charges that were the subject of the earlier information.  On January 29, 2004, defendant moved to dismiss those charges on the ground of double jeopardy.  On April 20, 2004, after an evidentiary hearing, the circuit judge granted the motion to dismiss.  On April 23, 2004, the State filed its notice of appeal.

II. ANALYSIS

On appeal, the State argues that the trial court erred in dismissing the case on the ground of double jeopardy, because defendant's actions were not one continuous act.  Generally, abuse of discretion is the appropriate standard for reviewing a trial court's ultimate ruling on a motion to dismiss charges on double-jeopardy grounds.  
People v. Campos
, 349 Ill. App. 3d 172, 175 (2004).  However, where neither the facts nor the credibility of the witnesses is at issue, the issue presents a purely legal question and the standard of review is 
de novo
.  
People v. Walker
, 308 Ill. App. 3d 435, 438 (1999).  In this case, the question presented is purely a legal question, and thus we review the circuit court's decision 
de novo
.

The State presents the question of whether defendant's actions constitute one continuous act for the purposes of double jeopardy.  The prohibition against double jeopardy, as afforded to the citizens of this state by the Illinois Constitution (Ill. Const. 1970, art. I §10) and the fifth and the fourteenth amendments to the United States Constitution (U.S. Const., amends. V, XIV), protects against multiple punishments for the same offense.  
People v. Sienkiewicz
, 208 Ill. 2d 1, 4 (2003).  To properly examine potential violations of the Illinois double-jeopardy clause, we must apply the 
Blockburger
 same-elements test.  
Sienkiewicz
, 208 Ill. 2d at 4-5, citing 
Blockburger v. United States
, 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180 (1932).  Under 
Blockburger
, the prosecution of a lesser-included offense precludes the subsequent prosecution of a greater offense that arises from the same physical act.  
Sienkiewicz
, 208 Ill. 2d at 6.  Prior to applying the 
Blockburger
 test, however, we must determine whether the charges for both the lesser and the greater offenses arise from a single physical act by the defendant.  
Sienkiewicz
, 208 Ill. 2d at 6.  Thus, our initial inquiry in this case is whether defendant's approximately one-hour, nonstop, alcohol-impaired drive through three counties, during which he caused serious bodily harm to his sister, constitutes a single act.  We hold that it does.

Driving under the influence is a continuing offense that constitutes a single act.  
People v. Quigley
, 183 Ill. 2d 1, 10-11 (1998).  Nevertheless, the State argues that the time, the distance, the victims, and the locations involved in this case should factor into a finding of more than one act.  This argument is unpersuasive.  The amount of time and the distance that defendant drove nonstop while intoxicated are immaterial, as the prohibition against double jeopardy cannot be avoided by "dividing a single crime into a series of temporal or spatial units."  
Brown v. Ohio
, 432 U.S. 161, 169, 53 L. Ed. 2d 187, 196, 97 S. Ct. 2221, 2227 (1977).  Also, the fact that defendant's action harmed both his sister specifically and the people of Winnebago County generally is irrelevant.  
Sienkiewicz
, 208 Ill. 2d at 8-10 (holding that charges of reckless driving and reckless homicide arose from a single act, even though that act caused harm to citizens generally and to the homicide victim specifically).  Finally, that defendant's nonstop intoxicated drive carried him through more than one county is unimportant.  See 
People v. Batterman
, 355 Ill. App. 3d 766, 769 (2005) (holding that the occurrence of the same offense, arising from the same act, in two different counties "does not allow both counties to prosecute [the defendant] without violating the constitutional prohibitions against double jeopardy").

The State further argues for reversal on the ground that the prosecutorial intent of the two counties was different, as only one county sought to prosecute defendant for injuring his sister.  Additionally, the State expresses great concern that, if the circuit court's decision stands, a defendant, when two counties charge separate crimes arising from the same act, will be able to accomplish a preemptive strike against the county pursuing the more serious charge or offering the worse deal, by "racing" to the courthouse to plead guilty in the county pursuing the less serious charge or offering the better deal.  These positions seek to destroy the prohibition against double jeopardy, and thus we refuse to accept them.

Counties are not sovereign entities but rather are subordinate governmental instrumentalities.  
Waller v. Florida
, 397 U.S. 387, 392, 25 L. Ed. 2d 435, 439, 90 S. Ct. 1184, 1187 (1970).  Accordingly, both counties are equally subordinate to the state's double-jeopardy prohibition, and for that purpose their prosecutorial intent cannot be differentiated.  Therefore, to allow each county to prosecute multiple offenses carved from the same physical act, simply because the intent of each county's prosecution is different, would be to annihilate the prohibition against double jeopardy.  Furthermore, as equal, subordinate instrumentalities of Illinois, the counties must coordinate their efforts to prosecute an offender when that prosecution arises from the same act.  There can be little sympathy for the State when its subordinate instrumentalities fail to cooperate.  A defendant should not lose the constitutional right against double jeopardy simply because he or she outmaneuvered the State and avoided a harsher punishment by properly exercising that constitutional right.  To allow the opposite result would be to cure the injustice of the State's failure to adequately represent the interests of its citizens, by inflicting the much greater injustice of stripping a defendant of a constitutional right.

Moreover, that a defendant can avoid a harsher punishment is a basic, common, and acceptable consequence of the prohibition against double jeopardy.  Indeed, under the 
Blockburger
 test, once we determine that both charges arose from a single physical act, we determine whether the previously prosecuted charge is a lesser-included offense of the greater offense, and, if so, we prohibit the prosecution of the greater offense.  
Sienkiewicz
, 208 Ill. 2d at 6.  One charge is not a lesser-included charge of another only if each charge requires proof of a fact not required by the other.  
Sienkiewicz
, 208 Ill. 2d at 6.  In this case, the charge of driving under the influence is a lesser-included offense of aggravated driving under the influence, because the only difference of proof between the two is that the latter requires proof of great bodily harm to another.  Therefore, defendant may not be prosecuted for both crimes.

III. CONCLUSION

We hold that the charges in this case arose from a single physical act and that the previously prosecuted charge is a lesser-included offense of the subsequently prosecuted charge.  Accordingly, we affirm the decision of the circuit court of Jo Daviess County.

Affirmed.

CALLUM and GILLERAN JOHNSON, JJ., concur.