NO. 4-06-0036    Filed: 12/12/06

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| ANN M. PRICE, | ) | No. 02CF719 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Leslie J. Graves, |
| | ) | Judge Presiding. |

_____

JUSTICE COOK delivered the opinion of the court:

In August 2002, a grand jury indicted defendant, Ann M. Price, for the offenses of theft (720 ILCS 5/16-1(a)(2) (West 2002)) and official misconduct (720 ILCS 5/33-3 (West 2002)). On October 4, 2005, defendant entered an open guilty plea to one count of theft, a Class A misdemeanor, which was accepted by the court, apparently without objection by the State. On October 5, 2005, a jury found defendant guilty of official misconduct. In December 2005, the trial court sentenced defendant on the official-misconduct conviction to 2 years' probation and 200 hours of community service. Defendant appeals, arguing the acceptance of her guilty plea to the theft charge barred the State's prosecution on the official-misconduct charge. We affirm.

I. BACKGROUND

While employed by the Illinois Environmental Protection Agency (IEPA), defendant took a state vehicle to Chicago, attended a Barry Manilow concert, and spent the night at a hotel.

After she returned to Springfield, she submitted a travel voucher to her employer for her travel and lodging expenses, claiming she had attended a job-fair conference sponsored by the Chicago Botanic Gardens. When later confronted about the situation, defendant admitted she did not go to Chicago to attend a job conference and that she had fabricated a schedule for the non-existent conference to attach to her travel voucher.

In August 2002, a grand jury indicted defendant for (1) theft (720 ILCS 5/16-1(a)(2) (West 2002)) for falsifying and submitting travel documents to IEPA for reimbursement and (2) official misconduct (720 ILCS 5/33-3 (West 2002)) for falsifying and submitting travel documents for reimbursement.

On October 4, 2005, before defendant's trial began, defendant pleaded guilty to theft, and the trial court accepted defendant's plea, apparently without any objection by the State. The following day, at the close of all evidence in the case, defendant moved for a directed verdict, arguing the counts for theft and official misconduct were based on the same act, and therefore, defendant could not be prosecuted on the official-misconduct charge because she had pleaded guilty to theft.

The trial court denied defendant's motion for a directed verdict. The jury then found defendant guilty of official misconduct. The trial court sentenced defendant as stated for official misconduct. The record contains no indication defendant was sentenced for theft. Defendant appealed.

## II. ANALYSIS

On appeal, in her initial brief, defendant argues her conviction for official misconduct violates the one-act, one-crime doctrine because she previously pleaded guilty to theft, a charge based on the same acts, falsifying and submitting travel documents for reimbursement, as the official-misconduct charge. Defendant also argued that section 3-4(a) of the Criminal Code of 1961 (Code) (720 ILCS 5/3-4(a) (West 2002)) barred her prosecution for official misconduct. Finally, in her reply brief, defendant argues her prosecution for official misconduct violated the Illinois double-jeopardy clause. Defendant boils down the gist of her argument in the last line of her reply brief by stating, "Under Illinois law, the State could not proceed with the official[-]misconduct prosecution after the court accepted [defendant's] guilty plea to the lesser[-]included offense arising from the same act."

### A. Forfeiture

The State first argues defendant forfeited her argument because the record does not contain a report or record of defendant entering her guilty plea on the theft charge. The State cites People v. Raczkowski, 359 Ill. App. 3d 494, 496, 834 N.E.2d 596, 598-99 (2005), and People v. Toft, 355 Ill. App. 3d 1102, 1105, 824 N.E.2d 309, 312 (2005), for the proposition that an issue relating to the conduct of a hearing or proceeding is not subject to review absent a report or record of the proceeding.

However, the issue in this case does not relate to the

- 3 -

conduct of a hearing or proceeding. While the record contains neither a transcript of the plea proceeding nor a docket entry reflecting the plea, it is clear from the record defendant pleaded guilty to theft before her trial on the official-misconduct charge began, and the trial court accepted her plea. As a result, defendant has not forfeited this issue, and we must address defendant's substantive arguments.

## B. Double Jeopardy

We first address defendant's argument that her prosecution for official misconduct violated the Illinois Constitution's double-jeopardy clause (Ill. Const. 1970, art. I, §10) because the court had previously accepted her guilty plea to theft. In determining whether a defendant's Illinois double-jeopardy rights have been violated, Illinois courts look to how the United States Supreme Court interprets the federal double-jeopardy clause (U.S. Const., amend. V). People v. Sienkiewicz, 208 Ill. 2d 1, 5, 802 N.E.2d 767, 771 (2003).

The prohibition against double jeopardy protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. Ohio v. Johnson, 467 U.S. 493, 498, 81 L. Ed. 2d 425, 433, 104 S. Ct. 2536, 2540 (1984). According to the United States Supreme Court, the reason the State is barred from retrying a defendant after he is acquitted or convicted is to ensure that the State does not make repeated attempts to convict

an individual.  <u>Johnson</u>, 467 U.S. at 498-99, 81 L. Ed. 2d at 433, 104 S. Ct. at 2540.  The Illinois Supreme Court has stated that the protection against double jeopardy afforded by the Illinois Constitution is no greater than that provided by the United States Constitution.  <u>People v. Ortiz</u>, 196 Ill. 2d 236, 253, 752 N.E.2d 410, 421 (2001).

While the list of possible scenarios where the State would be barred from prosecuting a defendant due to the double-jeopardy clause are too numerous to list here, we list a few such situations for illustrative purposes.  The United States Supreme Court has held that the double-jeopardy clause prohibits a State from charging a defendant with a new charge after a defendant had already pleaded guilty and been sentenced on a previous charge for a lesser-included offense.  <u>Brown v. Ohio</u>, 432 U.S. 161, 53 L. Ed. 2d 187, 97 S. Ct. 2221 (1977).  The Illinois Supreme Court has held that the State is barred by double jeopardy from instituting reckless-homicide charges against a defendant who previously pleaded guilty and was sentenced on a reckless-driving charge, which is an included offense of reckless homicide, when both offenses arose from the same act.  <u>Sienkiewicz</u>, 208 Ill. 2d at 3, 11, 802 N.E.2d at 769, 774.  In addition, the United States Supreme Court has held that a finding of guilt by a jury of an included offense is an implied acquittal of a greater offense based on the same act when a defendant is charged with the greater offense.  <u>Green v. United States</u>, 355 U.S. 184, 190-91, 2 L. Ed. 2d 199, 206, 78 S. Ct. 221, 225 (1957).  Further, the

United States Supreme Court has held that double jeopardy will bar the retrial of a defendant if a mistrial is declared as a result of the prosecutor's intended provocation. Oregon v. Kennedy, 456 U.S. 667, 670, 72 L. Ed. 2d 416, 420-21, 102 S. Ct. 2083, 2086 (1982).

However, the double-jeopardy clause does not protect a defendant from a subsequent prosecution if the defendant has successfully appealed his first conviction, unless his conviction was reversed because of insufficient evidence. Ortiz, 196 Ill. 2d at 253, 752 N.E.2d at 421-22. In addition, the double-jeopardy clause does not prohibit the State from prosecuting a defendant for multiple offenses, including greater- and lesser-included offenses, arising out of the same act. Johnson, 467 U.S. at 500, 81 L. Ed. 2d at 434, 104 S. Ct. at 2541. Further, if a defendant pleads guilty to an offense in exchange for the State dismissing a more serious charge, the State is free to reinstate the more serious charge if the defendant's guilty plea is vacated on appeal. People v. McCutcheon, 68 Ill. 2d 101, 105-07, 368 N.E.2d 886, 888-89 (1977).

The issue in this case is whether the State was barred from pursuing the pending official-misconduct charge against defendant after the trial court accepted her guilty plea to theft, which was part of the same prosecution. Defendant cites People v. Valentine, 122 Ill. App. 3d 782, 461 N.E.2d 1388 (1984), and People v. Brener, 357 Ill. App. 3d 868, 830 N.E.2d 692 (2005), in support of her argument that double jeopardy

- 6 -

barred the State from prosecuting her on the official-misconduct charge.

In Valentine, the State originally charged defendant with three counts of armed robbery in May 1983. Valentine, 122 Ill. App. 3d at 783-84, 461 N.E.2d at 1389. On June 27, 1983, the State charged the defendant with three counts of robbery based on the same conduct as alleged in the armed-robbery counts. Valentine, 122 Ill. App. 3d at 784, 461 N.E.2d at 1389. That same day, the defendant pleaded guilty to the robbery charge, and the trial court accepted his plea and set a sentencing hearing for July 19, 1983. Valentine, 122 Ill. App. 3d at 784, 461 N.E.2d at 1389. In July 1983, the trial court found the defendant guilty of the three counts of armed robbery. On July 19, 1983, the court sentenced the defendant on the armed-robbery counts and vacated the judgments on the robbery counts because they were lesser-included offenses of armed robbery. Valentine, 122 Ill. App. 3d at 784, 461 N.E.2d at 1389.

On appeal, the defendant argued that his prosecution on the armed-robbery charges violated his constitutional (U.S. Const., amend. V; Ill. Const. 1970, art. I, §10) and statutory (720 ILCS 5/3-4 (West 2004) (formerly Ill. Rev. Stat. 1981, ch. 38, par. 3-4)) guarantees against double jeopardy. Valentine, 122 Ill. App. 3d at 784, 461 N.E.2d at 1389. This court held that the "defendant's prosecution on the armed[-]robbery charge was barred because the trial court had previously accepted defendant's guilty plea to the robbery charge." Valentine, 122

Ill. App. 3d at 786, 461 N.E.2d at 1390.

This court's decision in Valentine would appear to control the outcome in this case. However, when this court decided Valentine, it did not have the guidance the United States Supreme Court later provided on this issue. In Johnson, the defendant was indicted for involuntary manslaughter, grand theft, aggravated robbery, and murder as a result of the death of a man and the theft of property from the man's apartment. Johnson, 467 U.S. at 494, 81 L. Ed. 2d at 430, 104 S. Ct. at 2538. The defendant pleaded guilty to involuntary manslaughter and grand theft but pleaded not guilty to aggravated robbery and murder. Johnson, 467 U.S. at 494, 81 L. Ed. 2d at 430, 104 S. Ct. at 2538. Although the State objected, the trial court accepted the defendant's pleas to the lesser offenses, sentenced the defendant to a term of imprisonment, and then granted the defendant's motion to dismiss the two more serious charges, finding his guilty pleas to the lesser charges barred the State from prosecuting the defendant on the more serious charge pursuant to the double-jeopardy prohibitions of the fifth and fourteenth amendments of the United States Constitution. Johnson, 467 U.S. at 494, 81 L. Ed. 2d at 430, 104 S. Ct. at 2538.

The United States Supreme Court disagreed, holding that prosecuting the defendant on the two more serious charges to which he did not plead guilty would not constitute the type of multiple prosecutions prohibited by the double-jeopardy clause. Johnson, 467 U.S. at 494, 81 L. Ed. 2d at 430, 104 S. Ct. at

- 8 -

2538. The Court emphasized that the four charges in Johnson were part of a single prosecution (Johnson, 467 U.S. at 501, 81 L. Ed. 2d at 434, 104 S. Ct. at 2541-42), which is also true in the case at bar. According to the Court, trial proceedings are not capable of being "infinitely subdivided." A determination of guilt and punishment on a single count of a multicount indictment does not immediately raise "a double[-]jeopardy bar to continued prosecution on any remaining counts that are greater[-] or lesser[-]included offenses of the charge just concluded." Johnson, 467 U.S. at 501, 81 L. Ed. 2d at 434, 104 S. Ct. at 2542.

The Court further stated that the principles of finality and prosecutorial overreaching were not present in Johnson. Johnson, 467 U.S. at 501, 81 L. Ed. 2d at 435, 104 S. Ct. at 2542. According to the Court, the State did not violate defendant's double-jeopardy rights by going forward with the remaining counts of the indictment because the defendant had only offered to resolve part of the charges against him. Johnson, 467 U.S. at 501-02, 81 L. Ed. 2d at 435, 104 S. Ct. at 2542. In addition, the Court noted the State objected to disposing of any of the counts against the defendant without a trial. Johnson, 467 U.S. at 501, 81 L. Ed. 2d at 435, 104 S. Ct. at 2542.

Further, the Court stated that the defendant had not been exposed to conviction on those charges to which he did not plead guilty nor was the State given the chance to marshal its resources and evidence more than once or perfect its presentation

- 9 -

of its case through a trial.  According to the Court:

> "The acceptance of a guilty plea to lesser[-
> ]included offenses while charges on the
> greater offenses remain pending, moreover,
> has none of the implications of an 'implied
> acquittal' which results from a verdict con-
> victing a defendant on lesser[-] included
> offenses rendered by a jury charged to con-
> sider both greater[-] and lesser[-]included
> offenses.  [Citations.]  There simply has
> been none of the governmental overreaching
> that double jeopardy is supposed to prevent."
> Johnson, 467 U.S. at 501-02, 81 L. Ed. 2d at
> 435, 104 S. Ct. at 2542.

The Court finally stated that regardless of the trial court's
acceptance of the defendant's guilty pleas, the defendant "should
not be entitled to use the [d]ouble[-][j]eopardy [c]lause as a
sword to prevent the State from completing its prosecution on the
remaining charges."  Johnson, 467 U.S. at 502, 81 L. Ed. 2d at
435, 104 S. Ct. at 2542.  The same is true in the instant case.

Johnson is distinguishable from the case at bar in one
respect.  In Johnson, the State objected to the defendant's
guilty plea.  In this case, the State apparently did not.
However, one leading treatise on criminal procedure has stated as
follows:

> "In cases where there is no agreement to

- 10 -

dismiss a pending greater charge in exchange for a plea on a lesser, and a court accepts a defendant's plea to the lesser charge without objection by the government, the single prosecution theory of <u>Johnson</u> supports the conclusion of most courts that the interests protected by the constitutional prohibition against successive prosecutions are not implicated if a judge either rejects the plea prior to sentencing or allows the government to continue its prosecution of the greater charge." (Emphasis omitted.) 5 W. LaFave, J. Israel & N. King, Criminal Procedure §25.1, at 281 (2d ed. 1999).

One such case is the Fifth District's decision in <u>People v. Foster</u>, 176 Ill. App. 3d 406, 531 N.E.2d 93 (1988). In <u>Foster</u>, the State charged the defendant with reckless driving. <u>Foster</u>, 176 Ill. App. 3d at 408, 531 N.E.2d at 94. The defendant had also been charged with two traffic offenses as a result of the same accident. <u>Foster</u>, 176 Ill. App. 3d at 408, 531 N.E.2d at 94. The defendant and the State agreed to try all the charges together. <u>Foster</u>, 176 Ill. App. 3d at 408, 531 N.E.2d at 94. The defendant then pleaded guilty to the two traffic offenses. <u>Foster</u>, 176 Ill. App. 3d at 408, 531 N.E.2d at 94. The trial court accepted his pleas and fined him $325. <u>Foster</u>, 176 Ill. App. 3d at 408, 531 N.E.2d at 94. The defendant then moved to

dismiss his reckless-driving charge, arguing this charge would constitute double jeopardy because he had already pleaded guilty to driving too fast for conditions. Foster, 176 Ill. App. 3d at 408, 531 N.E.2d at 94. The court granted the defendant's motion. Foster, 176 Ill. App. 3d at 408, 531 N.E.2d at 94. The appellate court reversed, holding the driving-too-fast-for-conditions charge was not a lesser-included offense of reckless driving and, therefore, double jeopardy did not apply. Foster, 176 Ill. App. 3d at 411, 531 N.E.2d at 96. However, the court went on and stated that even if the driving-too-fast-for-conditions charge was a lesser-included offense of reckless driving, double jeopardy would still not bar the prosecution of the reckless-driving charge because it was pending when the defendant entered his guilty plea on the other charge. Foster, 176 Ill. App. 3d at 411, 531 N.E.2d at 96. The court stated that, like the Supreme Court's decision in Johnson, "the acceptance of the defendant's guilty pleas had none of the implications of an 'implied acquittal' that would result from a jury verdict convicting defendant of a lesser[-]included offense." Foster, 176 Ill. App. 3d at 412, 531 N.E.2d at 96. While we are not bound by the Fifth District's reasoning in Foster, we find it persuasive.

However, defendant points us to the Second District's decision in Brener as support for his argument that double jeopardy did bar her prosecution for official misconduct. In Brener, the defendant was arrested for driving under the influence of alcohol after a one-hour drive through three counties in

June 2003. Brener, 357 Ill. App. 3d at 869, 830 N.E.2d at 693. In one of these counties, Jo Daviess, the defendant ran over his sister, causing her serious injuries. Brener, 357 Ill. App. 3d at 869-70, 830 N.E.2d at 693. In Winnebago County, the defendant was charged with two alternative counts of driving under the influence of alcohol. That same day, a Jo Daviess County information charged the defendant with two alternative counts of aggravated driving under the influence of alcohol as a result of injuring his sister. Brener, 357 Ill. App. 3d at 870, 830 N.E.2d at 693. On July 16, 2003, the defendant pleaded guilty to the Winnebago County charges. Brener, 357 Ill. App. 3d at 870, 830 N.E.2d at 693. Nine days later, a Jo Daviess County grand jury indicted the defendant on the aggravated-driving-under-the-influence charges that were the basis of the prior information. Brener, 357 Ill. App. 3d at 870, 830 N.E.2d at 693. In January 2004, the trial court granted defendant's motion to dismiss the aggravated-battery charges on double-jeopardy grounds. Brener, 357 Ill. App. 3d at 870, 830 N.E.2d at 693.

On appeal, the State argued the trial court erred in dismissing the Jo Daviess County case based on double jeopardy because defendant's actions while driving through the three counties did not constitute one continuous act. Brener, 357 Ill. App. 3d at 870, 830 N.E.2d at 693. The appellate court disagreed. Brener, 357 Ill. App. 3d at 871, 830 N.E.2d at 694.

The State also argued that, because the prosecutorial intent of the two counties was different, double jeopardy should

not bar the prosecution by Jo Daviess County. Brener, 357 Ill. App. 3d at 871, 830 N.E.2d at 694. The State also expressed concern that, if the appellate court allowed the trial court's decision to stand, it would be allowing those defendants who are charged with offenses based on the same act in more than one county to perform a preemptive strike against the county pursuing a more serious charge by pleading guilty to the offense in the other county. Brener, 357 Ill. App. 3d at 871, 830 N.E.2d at 694-95.

The appellate court held the prosecutorial intent of the different counties could not be differentiated because both counties were equally subordinate to the State's double-jeopardy prohibition. Brener, 357 Ill. App. 3d at 872, 830 N.E.2d at 695. According to the appellate court:

"[T]o allow each county to prosecute multiple offenses carved from the same physical act, simply because the intent of each county's prosecution is different, would be to annihilate the prohibition against double jeopardy. Furthermore, as equal, subordinate instrumentalities of Illinois, the counties must coordinate their efforts to prosecute an offender when that prosecution arises from the same act." Brener, 357 Ill. App. 3d at 872, 830 N.E.2d at 695.

The court went on to find the previously prosecuted charges for

- 14 -

driving under the influence were lesser-included offenses of aggravated driving under the influence.

While all of the charges in <u>Brener</u> were pending at the same time, <u>Brener</u> is distinguishable from the instant case, <u>Johnson</u>, and <u>Foster</u> in one major respect. <u>Brener</u> dealt with two separate prosecutions in two separate counties. Further, Winnebago County finished its prosecution of the defendant prior to the defendant going on trial in Jo Daviess County. In the instant case, <u>Johnson</u>, and <u>Foster</u>, the plan was to try all of the charges at the same time. Unlike the defendant in <u>Brener</u>, whose charges were divided by two counties of the State, the defendants in the instant case, <u>Johnson</u>, and <u>Foster</u> subdivided their respective charges on their own and pleaded guilty to only some of the charges and then argued double jeopardy barred the remaining charges. Therefore, the <u>Brener</u> decision is not applicable to the case at bar.

Based on the reasoning set forth by the United States Supreme Court in <u>Johnson</u>, we overrule our earlier decision in <u>Valentine</u>. Further, based on the above reasoning, the State was not barred by the double-jeopardy provisions of either the federal or state constitution from going forward with the pending official-misconduct charge after defendant entered an open plea of guilty to theft.

C. Section 3-4(a) of the Code

Defendant also argues that section 3-4(a) of the Code (720 ILCS 5/3-4(a) (West 2004)) also prohibited the State from

proceeding with its prosecution of defendant on the official-misconduct charge.  We disagree.

According to our supreme court, the main purpose of this section is to codify the constitutional double-jeopardy rules.  People v. Mueller, 109 Ill. 2d 378, 383, 488 N.E.2d 523, 525 (1985).  As we previously stated, the double-jeopardy provisions of neither the federal nor state constitutions barred defendant's prosecution for official misconduct.

Further, according to its plain language, this section of the Code only deals with the effects of former prosecutions. Both the theft and official-misconduct charges were part of the same prosecution in this case.  As the United States Supreme Court held in Johnson, a determination of guilt and punishment on a single count of a multicount indictment does not immediately raise "a double[-]jeopardy bar to continued prosecution on any remaining counts that are greater[-] or lesser[-]included offenses of the charge just concluded."  Johnson, 467 U.S. at 501, 81 L. Ed. 2d at 434, 104 S. Ct. at 2542.  The State in this case was simply continuing its prosecution of the remaining count of official misconduct after defendant pleaded guilty to theft.

### D. One Act, One Crime

Defendant also argues her conviction for official misconduct violated the one-act, one-crime rule.  Once again, we disagree.  Defendant cited several cases for the proposition that a defendant should not be convicted of more than one offense carved from the same physical act.  See People v. Moshier, 312

- 16 -

Ill. App. 3d 879, 880, 728 N.E.2d 822, 823 (2000); People v. Nickson, 58 Ill. App. 3d 470, 483, 374 N.E.2d 804, 812-13 (1978). However, defendant does not cite any case that stands for the proposition that the one-act, one-crime rule bars the continued prosecution of remaining charges when a defendant pleads guilty to some but not all charges that are part of the same prosecution.

The one-act, one-crime rule is used to enforce the third double-jeopardy prohibition, which is that a person should not suffer multiple punishments for the same act. However, this third prohibition of the double-jeopardy clause does not prohibit a State from prosecuting a defendant for multiple offenses based on the same act in the same prosecution, which is what the State did in this case. In the same way the double-jeopardy clause did not prohibit the continued prosecution of defendant on the official-misconduct charge, neither does the one-act, one-crime rule. Defendant is trying to use the one-act, one-crime rule as a sword instead of a shield. The trial court did not violate the one-act, one-crime rule because it only sentenced defendant on the official-misconduct charge.

III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

TURNER, P.J., and APPLETON, J., concur.