# Illinois Official Reports

## Appellate Court

---

### *People v. Staple*, 2016 IL App (4th) 160061

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. LINCOLN STAPLE, Defendant-Appellee. |
| District & No. | Fourth District<br>Docket No. 4-16-0061 |
| Filed | December 20, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Vermilion County, No. 12-CF-74; the Hon. Thomas M. O'Shaughnessy, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | David J. Robinson and Allison Paige Brooks (argued), of State's Attorneys Appellate Prosecutor's Office, of counsel, for the People.<br><br>Michael J. Pelletier, Jacqueline L. Bullard, and Daaron V. Kimmel (argued), of State Appellate Defender's Office, of Springfield, for appellee. |
| Panel | JUSTICE HOLDER WHITE delivered the judgment of the court, with opinion.<br>Justices Turner and Harris concurred in the judgment and opinion. |

**OPINION**

¶ 1      In February 2012, the State charged defendant, Lincoln Staple, with two counts of aggravated driving under the influence (DUI)—Class 4 felonies—in Vermilion County case No. 12-CF-74. 625 ILCS 5/11-501(d)(1)(G), (I) (West 2010). In December 2015, defendant pleaded guilty to a misdemeanor charge of DUI in Vermilion County case No. 12-DT-19, which arose out of the same set of circumstances as case No. 12-CF-74. That same month, defendant filed a motion to dismiss the felony charges in case No. 12-CF-74, alleging prosecution of the felony charges would place him in double jeopardy for the same offense. In January 2016, the trial court granted the motion to dismiss.

¶ 2      The State appeals, arguing the trial court erred by dismissing the felony charges on the basis of double jeopardy when the felony charges were pending at the time defendant pleaded guilty to the lesser-included misdemeanor offense. We reverse.

## I. BACKGROUND

¶ 4      In February 2012, the State charged defendant by information with aggravated DUI with a revoked license (count I) (625 ILCS 5/11-501(d)(1)(G) (West 2010)) and aggravated DUI when defendant knew or should have known the vehicle was not covered by liability insurance (count II) (625 ILCS 5/11-501(d)(1)(I) (West 2010)). Defendant, released on bond, failed to appear for arraignment, and the trial court issued an arrest warrant. In December 2015, the arrest warrant was served when defendant was arrested on new traffic charges.

¶ 5      At the December 2015 arraignment, the trial court began with the felony charges in case No. 12-CF-74. Case No. 12-DT-19 arose out of the same set of circumstances as No. 12-CF-74 and involved a series of traffic tickets, including a Class A misdemeanor for DUI. The court set case No. 12-CF-74 for a preliminary hearing on December 31, 2015. The court then asked the prosecutor, "are you wanting these DUI tickets consolidated with the [f]elony, or do you want them to proceed separately?" The prosecutor elected to keep the cases separate.

¶ 6      On December 17, 2015, defendant pleaded guilty to misdemeanor DUI in case No. 12-DT-19. The trial court accepted the plea of guilty and sentenced defendant. On December 18, 2015, defendant filed a motion to dismiss case No. 12-CF-74, alleging prosecution would subject him to double jeopardy for the same offense following his guilty plea in case No. 12-DT-19. The State stipulated the felony charges in case No. 12-CF-74 arose from the same offense underlying the guilty plea in case No. 12-DT-19.

¶ 7      Defendant argued "[d]ouble jeopardy applies to a greater offense when there is a plea where jeopardy has attached to a lesser offense." Defendant further argued jeopardy attached to the lesser-included DUI charge when the trial court accepted defendant's plea. The State argued there was no mandatory joinder of offenses filed by uniform traffic citation with enhanced charges filed by information. The State argued this principle prevents a situation "where a [d]efendant can just come in and basically surreptitiously plead guilty *** in a DT case while the felony is pending" and escape the felony charges based on double jeopardy. Defendant distinguished the case law relied upon by the State by arguing those cases involved citations where the traffic ticket was not a lesser-included offense of the felony charge. Moreover, defendant argued statutory mandatory joinder was not at issue; rather,

defendant argued jeopardy attached after the court accepted defendant's plea to the lesser-included misdemeanor offense, thereby barring the State from placing defendant "at jeopardy twice for the same act."

¶ 8 In January 2016, the trial court granted defendant's motion to dismiss. The court found the misdemeanor DUI charge was a lesser-included offense under the "same elements" test from *Blockburger v. United States*, 284 U.S. 299, 304 (1932), because "[t]here are no elements contained in the offense of misdemeanor [DUI] not contained in the felony [a]ggravated [DUI]." The court further found jeopardy had attached where the court accepted defendant's guilty plea and imposed sentence on the misdemeanor DUI charge. The court ruled, "To permit the felony charge to proceed here would now necessarily place the [d]efendant in jeopardy of multiple punishments for the same offense." Accordingly, the court granted the motion to dismiss.

¶ 9 This appeal followed.

¶ 10                                      II. ANALYSIS

¶ 11 The State appeals, arguing the trial court erred by dismissing the felony charges on the basis of double jeopardy when the felony charges were pending at the time defendant pleaded guilty to the lesser-included misdemeanor offense.

¶ 12 Generally, a trial court's ruling on a motion to dismiss on double jeopardy grounds is reviewed for an abuse of discretion. *People v. Brener*, 357 Ill. App. 3d 868, 870, 830 N.E.2d 692, 693 (2005). However, when neither the credibility of witnesses nor the facts are at issue, the issue presents a question of law, and the standard of review is *de novo*. *People v. Ventsias*, 2014 IL App (3d) 130275, ¶ 10, 13 N.E.3d 825.

¶ 13 The fifth amendment to the United States Constitution, made applicable to the states via the fourteenth amendment, provides, in part, that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const., amend. V. See also *People v. Bellmyer*, 199 Ill. 2d 529, 536-37, 771 N.E.2d 391, 396 (2002). The same protection is granted by the Illinois Constitution and by statute. Ill. Const. 1970, art. I, § 10; 720 ILCS 5/3-4 (West 2014); see also *People v. Sienkiewicz*, 208 Ill. 2d 1, 4, 802 N.E.2d 767, 770 (2003). "[T]he double jeopardy clause of our state constitution is to be construed in the same manner as the double jeopardy clause of the federal constitution." *In re P.S.*, 175 Ill. 2d 79, 91, 676 N.E.2d 656, 662 (1997).

¶ 14 The double jeopardy clause protects against (1) a second prosecution for the same offense following acquittal, (2) a second prosecution for the same offense following conviction, and (3) multiple punishments for the same offense. *Ohio v. Johnson*, 467 U.S. 493, 498 (1984). The principles of double jeopardy ensure "the State does not make repeated attempts to convict an individual, thereby exposing him to continued embarrassment, anxiety, and expense, while increasing the risk of an erroneous conviction or an impermissibly enhanced sentence." *Id.* at 498-99. "The rules with regard to double jeopardy, however, should not be applied in a mechanical nature, especially if the situation is such that the interests the rules seek to protect are not endangered and a mechanical application would frustrate society's interest in enforcing its criminal laws." *Ventsias*, 2014 IL App (3d) 130275, ¶ 11, 13 N.E.3d 825.

¶ 15 In support of its argument, the State relies on *Johnson*, 467 U.S. 493. In *Johnson*, the defendant pleaded guilty to lesser-included charges of involuntary manslaughter and grand theft and pleaded not guilty to the greater offenses of murder and aggravated robbery. *Id.* at 496. The trial court accepted the guilty plea and sentenced the defendant to a term of imprisonment. *Id.* The defendant then moved to dismiss the remaining charges on double jeopardy grounds. *Id.* The Supreme Court of Ohio upheld the dismissal of the greater charges on the basis of the double jeopardy protection against multiple punishments for the same offense. *Id.* at 496-97.

¶ 16 The United States Supreme Court rejected this reasoning and noted this protection "is designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature." *Id.* at 499. The Court went on to state:

> "The trial court's dismissal of these more serious charges did more than simply prevent the imposition of cumulative punishments; it halted completely the proceedings that ultimately would have led to a verdict of guilt or innocence on these more serious charges. Presumably the trial court, in the event of a guilty verdict on the more serious offenses, will have to confront the question of cumulative punishments as a matter of state law, but because of that court's ruling preventing even the trial of the more serious offenses, that stage of the prosecution was never reached. While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting [the defendant] for such multiple offenses in a single prosecution." *Id.* at 499-500.

The Court held the double jeopardy clause did not prohibit the State from prosecuting lesser-included offenses along with the more serious charges. *Id.* at 501.

¶ 17 In the alternative, the Supreme Court considered the defendant's argument "that further prosecution on the remaining offenses will implicate the double jeopardy protection against a second prosecution following conviction." *Id.* at 500. The Court acknowledged the holding in *Brown v. Ohio*, 432 U.S. 161 (1977), where the Court found double jeopardy barred the prosecution of a greater offense when the State indicted the defendant on the greater charge subsequent to his guilty plea and sentencing on the lesser-included charge. *Johnson*, 467 U.S. at 501. The Court determined *Brown* involved principles of finality and prevention of prosecutorial overreach that were inapplicable to the circumstances in *Johnson*. *Id.* The Court observed:

> "[The defendant] has not been exposed to conviction on the charges to which he pleaded not guilty, nor has the State had the opportunity to marshal its evidence and resources more than once or to hone its presentation of its case through a trial. The acceptance of a guilty plea to lesser included offenses while charges on the greater offenses remain pending, moreover, has none of the implications of an 'implied acquittal' which results from a verdict convicting a defendant on lesser included offenses rendered by a jury charged to consider both greater and lesser included offenses. [Citations.] There simply has been none of the governmental overreaching that double jeopardy is supposed to prevent. On the other hand, ending prosecution now would deny the State its right to one full and fair opportunity to convict those who have violated its laws. [Citation.]" *Id.* at 501-02.

Finally, the Court noted the defendant was not entitled to plead guilty to lesser-included offenses and then raise double jeopardy "as a sword to prevent the State from completing its prosecution on the remaining charges." *Id.* at 502.

¶ 18    As in *Johnson*, this case does not present any issues related to finality or prosecutorial overreach. Defendant was never exposed to conviction on the felony charges. Nor does his guilty plea on the lesser-included charge operate as an acquittal of the greater offense. *People v. McCutcheon*, 68 Ill. 2d 101, 108, 368 N.E.2d 886, 889 (1977) ("[A] plea of guilty to a lesser included offense is not an acquittal of the greater offense."). Moreover, during the arraignment, the trial court specifically addressed both the misdemeanor and felony charges. Defendant knew the felony charges were pending, so the protection offered by double jeopardy against "liv[ing] in a continued state of anxiety and insecurity" for fear the State might pursue a subsequent prosecution is inapplicable. *Green v. United States*, 355 U.S. 184, 187 (1957). With knowledge of the pending felony charges, defendant persisted in entering a plea of guilty to the misdemeanor charges. See *Jeffers v. United States*, 432 U.S. 137, 152 (1977) (rejecting a double jeopardy claim where "the defendant expressly asks for separate trials on the greater and the lesser offenses, or, in connection with his opposition to trial together, fails to raise the issue that one offense might be a lesser included offense of the other"). Finally, there is no governmental overreach that double jeopardy seeks to prevent. The State has not had the opportunity to fine-tune its presentation of the case or otherwise marshal its evidence and resources. See *Johnson*, 467 U.S. at 501; *People v. Price*, 369 Ill. App. 3d 395, 400-01, 867 N.E.2d 972, 977 (2006).

¶ 19    In support of his double jeopardy claim, defendant cites *Brener*, 357 Ill. App. 3d 868, 830 N.E.2d 692. In *Brener*, the defendant, who had been drinking, ran over his sister with a trailer hooked up to his truck in Jo Daviess County. The defendant then drove for approximately one hour through three different counties and was ultimately arrested for DUI in Winnebago County. *Id.* at 869-70, 830 N.E.2d at 693. Winnebago County issued the defendant two DUI traffic citations. *Id.* at 870, 830 N.E.2d at 693. The same day, Jo Daviess County charged the defendant by information with aggravated DUI. *Id.* The defendant pleaded guilty to the Winnebago County charges on July 16, 2003. *Id.* On July 25, 2003, the Jo Daviess County grand jury indicted the defendant on the aggravated DUI charges. *Id.* The trial court granted the defendant's motion to dismiss the Jo Daviess County charges on the basis of double jeopardy. *Id.* The State appealed, arguing the defendant's hour-long drive was not one continuous act for the purposes of double jeopardy. *Id.* The Second District disagreed. *Id.* at 871, 830 N.E.2d at 694.

¶ 20    The State also argued for reversal because the "prosecutorial intent" was different. Specifically, the State argued only one county sought to prosecute the defendant for injuring his sister. *Id.* Finally, the State expressed concern that, if the appellate court allowed the trial court's decision to stand, it would allow a defendant charged with offenses based on the same act in more than one county to preemptively strike against the county pursuing more serious charges by pleading guilty to the less serious charge in the other county. *Id.* at 871, 830 N.E.2d at 694-95. The Second District held the prosecutorial intent of the counties could not be differentiated because the counties were equally subordinate to the double jeopardy prohibition. *Id.* at 872, 830 N.E.2d at 695. The appellate court stated:

    "[T]o allow each county to prosecute multiple offenses carved from the same physical act, simply because the intent of each county's prosecution is different, would be to

annihilate the prohibition against double jeopardy. Furthermore, as equal, subordinate instrumentalities of Illinois, the counties must coordinate their efforts to prosecute an offender when that prosecution arises from the same act." *Id.*

¶ 21　　We find *Brener* distinguishable. First, *Brener* involved charges in two separate counties, while the instant case involves only Vermilion County charges. More important, however, is the difference in the timelines and the defendants' knowledge of the pending charges. In *Brener*, the defendant was charged in both counties on the same day. However, Winnebago County issued traffic citations, while Jo Daviess County filed an information. Nine days after the defendant pleaded guilty to the Winnebago County traffic citations, the Jo Daviess County grand jury indicted defendant on the aggravated DUI charges. There is no indication whether the defendant was aware of these pending charges when he pleaded guilty to the Winnebago County citations.

¶ 22　　In the instant case, Vermilion County filed the felony charges shortly after the traffic citations were filed. Then, almost three years later, defendant was made aware of all the charges pending against him at his December 7, 2015, arraignment. Defendant was also aware the felony case had been set for a preliminary hearing on December 31, 2015. Therefore, when defendant pleaded guilty to the misdemeanor charges on December 17, 2015, he knew the felony charges were pending and a preliminary hearing was set for 14 days later.

¶ 23　　We find the instant case similar to this court's decision in *Price*, 369 Ill. App. 3d 395, 867 N.E.2d 972. In *Price*, the defendant was charged with theft and official misconduct for falsifying and submitting travel documents to the Illinois Environmental Protection Agency. *Id.* at 396, 867 N.E.2d at 974. Before the defendant's trial began, she pleaded guilty to theft, and the trial court accepted the plea. *Id.* The court denied her motion for a directed verdict on the official misconduct charge, and the jury found her guilty of official misconduct. *Id.* at 397, 867 N.E.2d at 974. The defendant appealed, arguing, in part, the official-misconduct prosecution was barred by double jeopardy. *Id.* This court held, based on the United States Supreme Court's reasoning in *Johnson*, "the State was not barred by the double-jeopardy provisions of either the federal or state constitution from going forward with the pending official-misconduct charge after defendant entered an open plea of guilty to theft." *Id.* at 403-04, 867 N.E.2d at 979.

¶ 24　　In this case, it is clear defendant was aware of the pending felony charges when he pleaded guilty to the misdemeanor charges. As the United State Supreme Court stated in *Johnson*, a defendant "should not be entitled to use the Double Jeopardy Clause as a sword to prevent the State from completing its prosecution on the remaining charges." *Johnson*, 467 U.S. at 502. Defendant here does not argue that double jeopardy should act as a shield to protect him from governmental overreach. Rather, defendant seeks to use double jeopardy as a sword to evade prosecution on the pending felony charges. We decline to allow him to do so.

¶ 25　　We conclude this case presents none of the interests double jeopardy seeks to protect. Defendant was well aware of the pending felony charges when he pleaded guilty to the misdemeanor charges. Additionally, the State has not marshaled its resources and evidence more than once or honed its presentation of the case through a trial on the misdemeanor charges. Accordingly, we conclude double jeopardy does not bar the State from pursuing the

felony charges that were pending at the time defendant pleaded guilty to the lesser-included misdemeanor charges.

¶ 26 Finally, defendant argues that section 3-4(b)(1) of the Criminal Code of 1961 (720 ILCS 5/3-4(b)(1) (West 2010)) also prohibited the State from pursuing the prosecution of defendant on the aggravated DUI charges. We disagree. "According to our supreme court, the main purpose of this section is to codify the constitutional double-jeopardy rules." *Price*, 369 Ill. App. 3d at 404, 867 N.E.2d at 979. As we have stated, the double jeopardy provisions of the state and federal constitutions do not bar prosecution of the aggravated DUI charges. Defendant's reading of section 3-4(b)(1) would allow a defendant to plead guilty to a lesser-included charge and thereby avoid a pending greater offense. This is antithetical to the constitutional double jeopardy rules the statute codifies. Accordingly, we conclude the statutory provisions offer defendant no such protection.

¶ 27                                    III. CONCLUSION
¶ 28 For the reasons stated, we reverse and remand for further proceedings.

¶ 29 Reversed and remanded.