2020 IL App (3d) 190544

Opinion filed December 31, 2020

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiff-Appellant, | ) ) | Appeal No. 3-19-0544 |
| v. | ) ) | Circuit No. 19-CF-16 |
| PHILLIP D. HULL, | ) ) ) | Honorable H. Chris Ryan, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.
Justices McDade and Wright concurred in the judgment and opinion.

**OPINION**

¶ 1    The circuit court granted the motion to dismiss filed by the defendant, Phillip D. Hull, finding that the State could not prosecute the defendant in La Salle County because of double jeopardy. The State appeals.

¶ 2                                          I. BACKGROUND

¶ 3    On October 20, 2018, the defendant was involved in a high-speed chase, beginning in Marshall County and ultimately ending when the defendant crashed his vehicle in La Salle County. The defendant received Marshall County traffic citations for three misdemeanor offenses: (1) fleeing and eluding (625 ILCS 5/11-204(a) (West 2018)), (2) speeding in excess of

35 miles per hour over the posted speed limit, and (3) reckless driving. Subsequently, on January 15, 2019, the defendant was charged by indictment in La Salle County with aggravated fleeing and eluding, a felony offense. 625 ILCS 5/11-204.1(a)(1) (West 2018). The defendant was arrested, and he posted bond on June 3, 2019.

¶ 4        On June 24, 2019, the defendant pleaded guilty to the misdemeanor of fleeing and eluding in Marshall County. The defendant then filed a motion to dismiss the felony of aggravated fleeing and eluding in La Salle County on July 25, 2019, stating that double jeopardy prevented his prosecution for the same offense by both Marshall and La Salle counties. In the State's response to the motion, it admitted that both charges arose under a continuing offense and, generally, "prosecution for that offense in two separate counties would be barred by double jeopardy." Nonetheless, the State argued that the defendant could not use double jeopardy to evade prosecution. The court took the matter under advisement and, ultimately, granted the defendant's motion to dismiss on double jeopardy grounds. The State filed a certificate of substantial impairment to proceed to trial.

¶ 5                                              II. ANALYSIS

¶ 6        On appeal, the State argues that the court erred in granting the defendant's motion to dismiss, based on double jeopardy, because the defendant procured the Marshall County conviction with the purpose of avoiding a sentence for the greater charge pending against him in La Salle County. Generally, we review a circuit court's ruling on a motion to dismiss charges on double jeopardy grounds for an abuse of discretion. *People v. Campos*, 349 Ill. App. 3d 172, 175 (2004). However, where, as here, neither the facts nor the credibility of the witnesses is at issue, the standard of review is *de novo*. *People v. Walker*, 308 Ill. App. 3d 435, 438 (1999).

¶ 7    Both the United States and Illinois Constitutions provide protection against double jeopardy. U.S. Const., amends. V, XIV; Ill. Const. 1970, art. I, § 10. The prohibition against double jeopardy protects against three abuses: " '(1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense.' " *People v. Henry*, 204 Ill. 2d 267, 283 (2003) (quoting *People v. Placek*, 184 Ill. 2d 370, 376-77 (1998)). In guilty plea proceedings, jeopardy attaches when the guilty plea is accepted by the trial court. *People v. Ventsias*, 2014 IL App (3d) 130275, ¶ 12. Therefore, here, jeopardy attached when the defendant pleaded guilty in Marshall County.

¶ 8    As jeopardy attached, we next determine whether the second prosecution by La Salle County was barred by double jeopardy. Prosecution of the La Salle County charge would be barred by double jeopardy if the charges arose from the same continuous act and the offense charged in Marshall County was a lesser included offense of the felony offense charged in La Salle County. *Blockburger v. United States*, 284 U.S. 299, 304 (1932); *People v. Sienkiewicz*, 208 Ill. 2d 1, 6 (2003). The State admits that both charges arose from the same act and the Marshall County fleeing and eluding charge was a lesser-included offense of the La Salle County aggravated fleeing and eluding charge. Therefore, the La Salle prosecution was barred by double jeopardy. The State in the trial court agreed that normally double jeopardy would apply in this situation.

¶ 9    Nonetheless, the State argues that double jeopardy should not be applied in scenarios such as this, as the defendant should not be able to avoid prosecution in one county by pleading guilty in another county. We find the case of *People v. Brener*, 357 Ill. App. 3d 868 (2005), directly on point. In *Brener*, the defendant got in his vehicle in Jo Daviess County after consuming alcohol. *Id.* at 869. Unbeknownst to him, he ran over his sister and caused her serious

3

injuries. *Id.* He then drove through three counties without stopping and arrived in Winnebago County, where he was arrested for driving under the influence of alcohol (DUI). *Id.* at 869-70. The defendant received traffic citations charging him with two alternative counts of DUI (625 ILCS 5/11-501(a)(1), (a)(2) (West 2002)) on June 26, 2003. *Brener*, 357 Ill. App. 3d at 870. That same day, he was charged by information with two alternative counts of aggravated DUI in Jo Daviess County. *Id.* On July 16, 2003, he pleaded guilty to the Winnebago County charges. *Id.* The defendant then moved to dismiss the Jo Daviess charges, arguing that they were barred by double jeopardy. *Id.* The court granted the motion, and the State appealed. *Id.*

¶ 10        On appeal, the State presented, in part, a similar argument as in the instant case, that

"if the circuit court's decision stands, a defendant, when two counties charge separate crimes arising from the same act, will be able to accomplish a preemptive strike against the county pursuing the more serious charge or offering the worse deal, by 'racing' to the courthouse to plead guilty in the county pursuing the less serious charge or offering [a] better deal." *Id.* at 871.

The court refused to accept this argument, stating that the State sought "to destroy the prohibition against double jeopardy." *Id.* In doing so, the court stated:

"Counties are not sovereign entities but rather are subordinate governmental instrumentalities. *Waller v. Florida*[, 397 U.S. 387, 392 (1970)]. Accordingly, both counties are equally subordinate to the state's double-jeopardy prohibition, and for that purpose their prosecutorial intent cannot be differentiated. Therefore, to allow each county to prosecute multiple offenses carved from the same physical act, simply because the intent of each county's prosecution is different, would be to annihilate the prohibition against double jeopardy. Furthermore, as

4

equal, subordinate instrumentalities of Illinois, the counties must coordinate their efforts to prosecute an offender when that prosecution arises from the same act. There can be little sympathy for the State when its subordinate instrumentalities fail to cooperate. A defendant should not lose the constitutional right against double jeopardy simply because he or she outmaneuvered the State and avoided a harsher punishment by properly exercising that constitutional right. To allow the opposite result would be to cure the injustice of the State's failure to adequately represent the interests of its citizens, by inflicting the much greater injustice of stripping a defendant of a constitutional right." *Id*. at 871-72.

¶ 11      We agree with the court in *Brener* and adopt its reasoning.[1] The La Salle County State's Attorney's Office could have coordinated its prosecution with the Marshall County State's Attorney's Office but failed to do so. We will not now penalize the defendant for such failure. If we allowed the La Salle County prosecution of the same offense, as the State urges, and the defendant was convicted in La Salle County, the defendant would be convicted and punished twice for the same crime, which is one of the abuses from which the double jeopardy clause seeks to protect. *Supra* ¶ 7. As the court in *Brener* noted, avoiding harsher punishment "is a basic, common, and acceptable consequence of the prohibition against double jeopardy." *Brener*, 357 Ill. App. 3d at 872. It is well established that if the defendant is convicted of a lesser-included offense, he may not also be prosecuted for the greater offense. *Blockburger*, 284 U.S. at 304; *Sienkiewicz*, 208 Ill. 2d at 6. Moreover, we note that our court has also held that double jeopardy bars a second prosecution in a similar situation, where the defendant was charged with

---

[1] The State seeks to distinguish *Brener*, stating that the defendant in that case "pleaded guilty before charges were ever brought against him in Jo Daviess." While the grand jury later issued a supplanting indictment, the case clearly states that the defendant was charged by information the same day as the Winnebago citations were issued. *Id.* at 870. Therefore, the defendant did have charges pending in both counties at the same time.

fleeing and eluding in both Will County and Kankakee County after he was involved in a high speed chase through both counties. *People v. Batterman*, 355 Ill. App. 3d 766 (2005).

¶ 12 In coming to this conclusion, we reject the State's argument that this case falls within an exception where double jeopardy does not apply. All of the cases the State cites for this proposition revolve around the axiom that the State is allowed one opportunity to convict the defendant and, thus, are distinguishable from the instant case. In *Ohio v. Johnson*, 467 U.S. 493 (1984), the defendant was charged by a single indictment with four counts, two of which were lesser included offenses. *Id.* at 494. The defendant, over the State's objection, pleaded guilty to the two lesser offenses and moved to dismiss the greater offenses on double jeopardy grounds, which the trial court granted. *Id.* The Supreme Court held that "[w]hile the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting respondent for such multiple offenses in a *single prosecution*." (Emphasis added.) *Id.* at 500. Similarly, in *Currier v. Virginia*, ___ U.S. ___, ___, 138 S. Ct. 2144, 2149 (2018) (Gorsuch, J., joined by Roberts, CJ., and Kennedy, Thomas, and Alito, JJ.), the defendant agreed to sever the charges against him and have two trials, instead of one, because he was worried the prosecution would introduce prejudicial but probative evidence on one count that would infect the jury's deliberations on the others. After the first trial, the defendant argued that holding the second trial would violate double jeopardy. *Id.* at ___, 138 S. Ct. at 2149. The Supreme Court held that "consenting to two trials when one would have avoided a double jeopardy problem precludes any constitutional violation associated with holding a second trial." *Id.* at ___, 138 S. Ct. at 2151 (Gorsuch, J., joined by Roberts, CJ., and Thomas and Alito, JJ.). The defendant in *United States v. Scott*, 437 U.S. 82, 84 (1978), moved twice during trial to dismiss two counts of the indictment on the

6

ground that his defense had been prejudiced by preindictment delay. At the close of evidence, the court granted the motion. *Id.* The third count was submitted to the jury, which acquitted the defendant. *Id.* The State appealed the dismissals, and the defendant argued that they could not appeal based on double jeopardy. *Id.* The Supreme Court held that, where the defendant himself sought to have the trial terminated without any submission to the jury of guilt or innocence, double jeopardy did not bar the State's appeal of such dismissal because the State was deprived of its one opportunity to convict, and the defendant was not deprived of his right to a jury. *Id.* at 100.

¶ 13       Thus, each of these cases involved one prosecuting entity, with one case, charging multiple offenses, unlike, here, where two separate counties sought to charge the defendant with essentially the same offense for the same act. We note that this distinction has a large practical implication. Where a defendant is convicted in one county of an offense and its lesser-included offense, the lesser-included offense would merge into the greater offense. *People v. Robinson*, 267 Ill. App. 3d 900, 906 (1994). However, if a defendant was convicted in separate counties of an offense and its lesser-included offense for the same act, the offenses would not automatically merge. Instead, the onus would be on the defendant to seek to set aside one of the convictions. This responsibility should not be placed on the defendant where he has a constitutional right to be free from multiple prosecutions for the same offense. The State does not address the practical implications of its request.

¶ 14       The State also argues that we should apply section 3-4(d) of the Criminal Code of 2012 to allow its prosecution to continue. 720 ILCS 5/3-4(d) (West 2018). Section 3-4(d) states:

> "A prosecution is not barred within the meaning of this Section 3-4, however, if
>
> the former prosecution:

(1) was before a court that lacked jurisdiction over the defendant or the offense; or

(2) was procured by the defendant without the knowledge of the proper prosecuting officer, and with the purpose of avoiding the sentence that otherwise might be imposed; or if subsequent proceedings resulted in the invalidation, setting aside, reversal, or vacating of the conviction, unless the defendant was thereby adjudged not guilty." *Id.*

First, as the defendant points out, the State raises this argument for the first time on appeal and has, thus, forfeited review of the issue. *People v. Sebby*, 2017 IL 119445, ¶ 48. The State does not provide us with any reasons why we should excuse this forfeiture. Second, even if we considered the State's argument, the State argues that this case falls under subsection (2), which requires both that the defendant procured the guilty plea "without the knowledge of the proper prosecuting officer" and with the purpose of avoiding the sentence. While the State argues the second prong, it has failed to show why Marshall County was not a "proper prosecuting officer."

¶ 15                                   III. CONCLUSION

¶ 16         The judgment of the circuit court of La Salle County is affirmed.

¶ 17         Affirmed.

**No. 3-19-0544**

| | |
|---|---|
| **Cite as:** | *People v. Hull*, 2020 IL App (3d) 190544 |
| **Decision Under Review:** | Appeal from the Circuit Court of La Salle County, No.19 -CF-16; the Hon. H. Chris Ryan, Judge, presiding. |
| **Attorneys for Appellant:** | Karen Donnelly, State's Attorney, of Ottawa (Patrick Delfino, Thomas D. Arado, and Jamie L. Bellah, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| **Attorneys for Appellee:** | Douglas B. Olivero, of Louis E. Olivero & Associates, of Peru, for appellee. |